**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TYLER MCINTOSH, | : | CIVIL ACTION NO. 1:26-cv-235 |
| 2559 Bethesda Ave. | : | |
| Columbus, OH 43219, | : | |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| CITY OF COLUMBUS | : | |
| 90 West Broad St | : | |
| Columbus Oh 43215 | : | |
| Defendant. | : | **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

**I.  Preliminary Statement**

1. This action seeks back pay; compensatory damages; declaratory, injunctive and equitable relief; prejudgment and post-judgment interest; and attorneys' fees and costs for the violations of the Americans with Disabilities Act as Amended (ADAA) and the Ohio Laws Against Discrimination committed when Defendant discharged Plaintiff from its 2024 Police Academy Class because of discriminatory animus against his disability by refusing to accommodate him, or acknowledging that with medication he had not had seizures in the four years prior to his application to the Academy Class and was no more susceptible to seizures than a member of the general public.

**II.  Jurisdiction and Venue**

2. This action brings discrimination claims against Defendant under Americans with Disabilities Act as Amended., pursuant to charge affidavits timely dual, with the Ohio Civil Rights

1

Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue less than 90 days prior to the filing of this Complaint.

3. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights); and 1367 (supplemental jurisdiction).

4. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202.

5. Costs and attorneys' fees may be awarded pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. § 1988.

6. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claims arose in Franklin County, Ohio, where Defendant City of Columbus Department of Public Safety is headquartered.

### III. Parties

9. Plaintiff Tyler McIntosh is a 34-year-old male who suffers from Epilepsy, for which he has been receiving treatment and is under the care of a neurologist. Based on medications prescribed by his care team, Mr. McIntosh last suffered a seizure in or around November 2020.

10. Defendant City of Columbus is a political subdivision of the State of Ohio pursuant to R.C. Chapter 2744. Defendant is an employer as that term is defined pursuant to the ADA, 42 U.S.C. § 12111(5)(A), and Ohio's Laws Against Discrimination, R.C. 4112.01.

### IV. Facts

11. Mr. McIntosh is a 34-year-old male, who has suffered from Epilepsy for most of his life. His epilepsy is a "disability" as defined by the ADA and Ohio's Laws Against Discrimination.

12. As a result of his Epilepsy, Mr. McIntosh has, in the distant past, suffered seizures.

13. However, after his most recent seizure in November 2020, Mr. McIntosh's Epilepsy has been controlled by medication. Based on his medication, he is not significantly more likely to suffer a seizure than any member of the general population.

14. Mr. McIntosh desired to become a Police Officer and knew that the Columbus Division of Police was the most prestigious police department in Franklin County where Mr. McIntosh lived.

15. In or about June 2024, Mr. McIntosh applied to join the Columbus Division of Policy Academy class with the intention of becoming a full time Columbus Division of Police Officer.

16. On July 3, 2024, Mr. McIntosh received a conditional offer from the City of Columbus to join its upcoming Police Academy class.

17. Part of the pre-employment process for Police Officer candidates is an extensive physical and medical screening to ensure that applicants are able to successfully perform the duties of a Police Officer.

18. As part of the pre-employment process, Mr. McIntosh was flagged for additional medical questions based on his Epilepsy.

19. Mr. McIntosh was directed to have his physician fill out information regarding his condition.

20. Mr. McIntosh's doctor returned the form on July 22, 2024

21. While some sections of the form were left blank by Mr. McIntosh's neurologist Dr. Jaysingh Singh, the form clearly stated that Mr. McIntosh had not suffered a seizure in nearly four years.

22. A few weeks later, on August 7, 2024, Dr. Singh supplemented the paperwork by providing a letter that stated, "Tyler has been seizure free on his daily medication and a good medication adherence." The letter invited the City of Columbus to contact him with additional questions.

23. The City of Columbus did not reach out to Dr. Singh or to Mr. McIntosh to request additional information.

24. Mr. McIntosh explained to the City of Columbus that he had strong medication adherence since his last seizure and his condition was well controlled.

25. Despite the medical documentation and assurances of medication adherence, Mr. McIntosh was sent to a City of Columbus physician.

26. This physician, who had not seen Mr. McIntosh in any other capacity, declared that Mr. McIntosh should not engage in tasks where "sudden incapacitation is a danger to self or others," but he did not make a sufficiently individualized review of Mr. McIntosh's recent history and demonstrated ability to mitigate significantly the risk of seizures.

27. It is axiomatic that a Police Officer experiencing sudden incapacitation presents a danger to the officer or others.

28. However, there is no medical evidence that shows that with medication adherence that Mr. McIntosh is significantly more susceptible to sudden incapacitation than any other Police Officer Candidate.

29. Mr. McIntosh attempted to explain that with his medication his seizures were well controlled and his condition did not present a direct threat to himself or others.

30. Mr. McIntosh sought a reasonable accommodation to allow him to work as a Police Officer with the City of Columbus.

4

31. The City of Columbus refused to engage in an interactive process to find reasonable accommodations.

32. Rather, the City of Columbus, despite significant evidence to the contrary, determined that Mr. McIntosh posed a danger to himself or others because of his disability.

33. On December 23, 2024, Mr. McIntosh was released from his conditional offer of employment and told that because of his disability he would "not be seated for a class in the near future."

34. As a result, Mr. McIntosh has not been able to find work as a Police Officer.

35. As a direct and proximate result of the City of Columbus' discriminatory decision to withdraw its conditional offer of employment Mr. McIntosh has suffered and will continue to suffer from economic harm.

36. As a direct and proximate result of the City of Columbus' discriminatory decision to withdraw its conditional offer of employment Mr. McIntosh has suffered and will continue to suffer from emotional harm including but not limited to distress, embarrassment, and loss of enjoyment of life.

## COUNT I: DISABILITY DISCRIMINATION, AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101, *et seq.*

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Defendant withdrew Plaintiff's conditional offer of employment because of his disability.

39. Plaintiff could perform the essential functions of the position of Police Officer with or without a reasonable accommodation without creating danger to himself or others.

40. Based on the foregoing Defendant discriminated against Plaintiff because of his disability in violation of the ADA 42 U.S.C. § 12112

**COUNT II: DISABILITY DISCRIMINATION, R.C. CHAPTER 4112R.C. 4112.02(A)**

41. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

42. Defendant withdrew Plaintiff's conditional offer of employment because of his disability.

43. Plaintiff could perform the essential functions of the position of Police Officer with or without a reasonable accommodation without creating danger to himself or others.

44. Based on the foregoing Defendant discriminated against Plaintiff because of his disability in violation of Ohio's anti-discrimination laws, R.C. 4112.02(A).

**WHEREFORE**, Plaintiff Tyler McIntosh prays for Judgment in his favor, back pay, front pay instatement as a Police Officer with the CDP, ???? damages in excess of $75,000, attorneys' fees, costs, pre- and post-judgment interest, declaratory and injunctive relief, and any other relief to which he may be entitled.

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (614) 463-9780

By: *John S. Marshall*
John S. Marshall (0015160)
(*jmarshall@marshallforman.com*)
Samuel M. Schlein (0092194)
(*sschlein@marshallforman.com*)
MARSHALL FORMAN & SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

*s/Laren E. Knoll*
LAREN E. KNOLL (0070594)
The Knoll Law Firm LLC
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017

        Phone: 614-372-8890
        Facsimile: 614-452-4850
        Email: lknoll@knolllaw.com

*Attorneys for Plaintiff, Lora Gischel*

## **JURY DEMAND**

Plaintiff requests a trial by a jury on all issues set forth herein

        By: *John S. Marshall*
        John S. Marshall (0015160)